UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER SANBORN                                CIVIL ACTION

VERSUS                                             NUMBER: 08-0702

N. BURL CAIN, WARDEN                               SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court in this 28 U.S.C. §2254 federal habeas corpus proceeding is the motion to stay of petitioner, Christopher Sanborn, and the State's response thereto. (Rec. docs. 21, 23). For the reasons that follow, it is recommended that petitioner's motion be granted.

Petitioner Sanborn is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On July 26, 2000, Sanborn was found guilty of two counts of armed robbery after trial, by jury, in the Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of

Louisiana, for which he was later sentenced to two concurrent jail terms of seventy-five years without benefit of parole, probation, or suspension of sentence. Sanborn's conviction and sentence were affirmed on direct appeal. State v. Sanborn, 831 So.2d 320 (La. App. 5th Cir. 2002), writ denied, 854 So.2d 346 (La. 2003). In subsequent post-conviction proceedings, Sanborn litigated through the state court system the three claims upon which he now seeks federal habeas relief. State ex rel. Sanborn v. State, 969 So.2d 626 (La. 2007); State ex rel. Sanborn v. State, 969 So.2d 623 (La. 2007).

In the motion to stay that is presently before the Court, Sanborn represents that he recently filed a writ application in the Louisiana Supreme Court wherein he seeks a re-review of his post-conviction writ application to the Louisiana Fifth Circuit Court of Appeal which, he alleges, was not presented to a three-judge panel as required by law. By way of its response to the motion to stay, the State has confirmed that petitioner does indeed have a writ application pending before the Louisiana Supreme Court as reported. The State further advises that it has no objection to a stay of this proceeding until such time as the Louisiana Supreme Court rules on the writ application pending before it.

Consistent with the purposes of the AEDPA, a district court has the authority to issue a stay in a habeas proceeding where such

2

a stay would be a proper exercise of discretion. See, e.g., Rhines v. Weber, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534 (2005)(and cases cited therein). Prior to filing his habeas petition here, Sanborn was required to present the claims alleged therein to the state courts, including the intermediate state appellate court, for exhaustion purposes under 28 U.S.C. §2254(b)(1)(A). Presently pending before the Louisiana Supreme Court is a writ application filed by Sanborn in which he challenges the legality of the makeup of the Louisiana Fifth Circuit panel that previously considered his post-conviction proceedings. The State having indicated that it has no opposition to Sanborn's present motion, it will be recommended that this matter be stayed subject to the time limitations set forth below.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that petitioner's motion to stay these proceedings be granted and the Clerk of Court mark this action closed for statistical purposes. It is further recommended that the Court retain jurisdiction over this matter and that petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after the Louisiana Supreme Court rules on his pending writ application.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of   January  , 2009.

                                  _____
                                  UNITED STATES MAGISTRATE JUDGE